# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00189-CV

---

### S. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40326, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In this appeal, S.W. (Mother) complains of the trial court's order terminating her parental rights to her children, arguing (1) that the trial did not make the findings necessary for an extension of the statutory one-year dismissal deadline, *see* Tex. Fam. Code § 263.401; and (2) that the termination order included a statutory ground that was not submitted to the jury and not established by the Texas Department of Family and Protective Services. Because the trial court did not make the findings required when extending a dismissal deadline, we vacate the trial court's order and render judgment dismissing the case for want of subject-matter jurisdiction.

### APPLICABLE LAW

Section 263.401(a) provides that unless the trial court begins the trial on the merits or grants an extension by the first Monday after a year from date the court rendered its order appointing the Department as temporary managing conservator, the trial court's

jurisdiction over the case "is terminated and the suit is automatically dismissed without court order." *Id*. § 263.401(a). As applicable here, the court cannot retain the suit past the one-year deadline unless it "finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child," in which case the court can retain the suit for up to 180 days. *Id*. § 263.401(b).[1] A trial court "shall find" extraordinary circumstances necessitating an extension if (1) a parent has made good-faith efforts to complete their service plan but needs additional time and (2) the court intends to order the child to be returned to the parent upon their completion of their service plan. *Id.* § 263.401(b-3).

The Texas Supreme Court has explained that although a trial court need not make the subsection (b) findings in a written order and instead may do so orally at a hearing or in a docket sheet entry, those findings are required for a court to retain jurisdiction through an extension under section 263.401. *In re G.X.H.*, 627 S.W.3d 288, 298-99 (Tex. 2021); *see* Tex. Fam. Code § 101.026 ("'Render' means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument."). The supreme court also held that although trial courts should make subsection (b) findings "in a written order as a matter of course," the failure to do so is not error if "the findings are made orally on the record or in some other writing," and that in the absence of a reporter's record from a hearing in which an extension is granted, appellate courts "will presume the trial court made the necessary findings." *G.X.H.*, 627 S.W.3d at 299.

---

[1] Subsection (b-1) provides for retention of a suit in case of a mistrial, the granting of a new trial, or remanded from an appellate court. *Id*. § 263.401(b-1).

## FACTUAL SUMMARY

The Department filed its petition for protection of a child on August 6, 2020, and the trial court signed an order naming the Department as temporary managing conservator on August 7, making the dismissal deadline August 9, 2021. *See* Tex. Fam. Code § 263.401(a). The Department's April 6, 2021 permanency report notes the original dismissal date, does not seek an extension, and states that the Department "recommends that this suit be continued and that a dismissal date of August 9, 2021, set for this suit remain in effect, as it is consistent with the recommended permanency plan." However, on April 16, 2021, the trial court signed a Permanency Hearing Order that, although stating that "the date for dismissal of this cause shall be **August 9, 2021**," also states that:

> extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children, and extension of not more than 180 days should be granted due to extraordinary circumstances, the case should be retained on the Court's docket and a new dismissal date should be scheduled and the suit should be set for final hearing on a date that will allow the Court to commence the trial on the merits before that automatic dismissal date.

In June 2021, the trial court held a permanency hearing, during which the Department caseworker testified that the parents were making good progress on their services but that there were concerns because their "drug tests are up and down." The caseworker testified that the week before the hearing, she had requested that the parents get new prescriptions "so that I know what it is that they are taking" and that they take hair follicle tests but "as of this morning that has not been done." She testified that until the parents had "a month or two" of negative drug tests, the Department recommended against a monitored return to the

3

parents. She said that the parents had been cooperative and communicative and that they "did really well" in the visitation that the caseworker witnessed. During her testimony, the case worker said that the one-year deadline was approaching and that the Department "is asking for an extension that would give us another six months."

At the conclusion of the hearing, the Department's attorney said, "Judge, we need an extension too." The trial court responded, "Yes, I will grant the extension in this case. It would appear that we are making progress which I'm very glad to hear and I don't mind granting the extension at all." It then discussed when the parties could attend an August permanency hearing and stated, "All right, extension granted. Current placement will continue. I'm writing in the issues we need to get addressed. I say I'm writing to get in it in, I'm looking for an appropriate space for it. I will stick it somewhere." None of the attorneys objected to the extension, and the trial court, after saying it was "pleased with the progress" shown by the parents and encouraging them to "keep up the good work," signed an order stating, "Extension granted," but also stating that the dismissal date was August 9, 2021, and that the suit would be set for a trial on the merits on August 13, 2021. Unlike the earlier April 2021 order, which included the subsection (b) findings of extraordinary circumstances and best interest but then did not extend the dismissal date, the June 2021 permanency order did not include any language related to the findings required by subsection (b).

## DISCUSSION

Mother argues that the trial court lost jurisdiction automatically on August 9, 2021, because it did not make the subsection (b) findings when it granted the Department's requested extension. We agree.

4

The Department caseworker stated in the June 2021 hearing that the Department was asking for an extension of the dismissal deadline for 180 days, to February 2022, and the trial court stated that it was granting the extension. However, the court did not state on the record that it was finding extraordinary circumstances or that continuing the Department's appointment as temporary managing conservator was in the children's best interest. *See* Tex. Fam. Code § 263.401(b). Even if we could liberally construe the record to conclude that, by referencing the parents' progress in satisfying the service plans' requirements, the court impliedly found extraordinary circumstances warranted the extension, *see id.* § 263.401(b-3) (trial court "shall find" extraordinary circumstances if parent has made good-faith effort to complete service plan but needs more time and court intends to return child to parent on completion of plan), there was no mention at the hearing of how the extension would serve the children's best interest.[2] Further, after the hearing, the court signed a permanency order that stated, "Extension granted," but also stated that the final trial on the merits would be set for August 13, 2021, and did not include any language that can be viewed as relating to the required subsection (b) findings.

Although appellate courts generally attempt to uphold trial court grants of section 263.401(b) extensions,[3] the record in this case reflects that the trial court did not make the required findings orally, on its docket sheet, or in its June 2021 permanency order. Although the

---

[2] *See also In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) ("there is a strong presumption that the best interest of a child is served by keeping the child with a parent").

[3] *See, e.g.*, *In re G.X.H.*, 627 S.W.3d 288, 299 (Tex. 2021); *In re O.O.*, No. 13-21-00411-CV, 2022 WL 1559725, at *8 (Tex. App.—Corpus Christi-Edinburg May 17, 2022, no pet. h.) (mem. op.); *In R.J.R.*, No. 04-21-00246-CV, 2021 WL 5813827, at *2 (Tex. App.—San Antonio Dec. 8, 2021, pet. denied) (mem. op.); *In re P.Z.F.*, No. 05-21-00161-CV, __ S.W.3d __, 2021 WL 3941667, at *4 (Tex. App.—Dallas Sept. 2, 2021, pet. denied).

court did include the subsection (b) findings in its April 2021 order, the Department had not requested an extension and the signed order did not state an extended deadline. Moreover, the circumstances of the parties to a parental-termination case can change drastically in the space of two months. We thus decline to hold that the April 2021 order's inclusion of the unrequested subsection (b) findings should be viewed as supporting the court's June 2021 granting of the extension. Because the trial court did not make the required, jurisdictional findings to support its grant of the Department's requested extension under section 263.401(b)—regardless of the fact that neither parent appears to have complained of the extension before the trial court—the court's jurisdiction over the case terminated on August 9, 2021, and the case was automatically dismissed. *See In re J.S.*, No. 05-21-00898-CV, 2022 WL 620709, at *4 (Tex. App.—Dallas Mar. 3, 2022, pet. denied) (mem. op.) (trial court's failure to make subsection (b) findings is "jurisdictional and not subject to waiver"). We sustain Mother's first issue on appeal.

**CONCLUSION**

Because the court lacked jurisdiction over the case when it signed the order of termination, that order was void. *See id*. We therefore vacate the order of termination and render judgment dismissing the case for lack of subject-matter jurisdiction. *See id*.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith
  Dissenting Opinion by Justice Triana

Vacated and Dismissed for Want of Jurisdiction

Filed:  August 31, 2022

6